**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kumina Ivey,

          Plaintiff,

v.

Tammy Hellman,

          Defendant.

No. CV-26-02827-PHX-DJH

**ORDER**

After removing this case from Tempe Municipal Court, on May 13, 2026, the United States of America on behalf of Defendant Tammy Hellman ("Defendant") filed a Motion to Quash the Injunction by the Tempe Municipal Court and Dismiss the Lawsuit (Doc. 7). The Court previously granted the United States' Motion for Expedited Ruling. (Doc. 9). In that Order, the Court provided *pro se* Plaintiff Kumina Ivey ("Plaintiff") a week's time to file a response with a deadline of May 21, 2026, and informed that no reply brief would be allowed. Plaintiff filed a Response (Doc. 11) on May 19, 2026, and the Motion is now before the Court. For the following reasons, the Court will grant the United States' Motion.

## I.      Background and Procedural History

Both Plaintiff and Defendant are employed by the United States Postal Service and work at the Phoenix Plant and Distribution Center ("PDC") located at 4949 E. Van Buren Street, Phoenix, Arizona. Plaintiff works as a "Maintenance Mechanic," and Defendant is a "Supervisor Distribution Operations." (Doc. 7-1 at 2).[1] Although Plaintiff does not

---

[1] "Inasmuch as the waiver of sovereign immunity is a question of subject matter jurisdiction, the district court was within its discretion to consider items outside of the

report directly to Defendant, both parties work the same hours in the same building. (*Id.*)

On April 7, 2026, Plaintiff filed a petition for an injunction against harassment in Tempe Municipal Court. (Doc. 1-2). In her petition, Plaintiff describes a workplace dispute between herself and Defendant that began with Defendant inquiring where Plaintiff's badge was and escalated to yelling. (*Id.* at 3). Plaintiff then claimed that, since the incident, Defendant has been looking up her badge scans for when she has accessed the building, and she noted that, as a supervisor, Defendant has access to Plaintiff's home address. (*Id.*) On this basis, the Tempe Municipal Court entered an ex parte injunction prohibiting Defendant from having contact with Plaintiff except through attorney, legal process, and court hearings. (Doc. 1-5). The injunction prevents Defendant from going near Plaintiff's residence as well as their shared workplace at 4949 E. Van Buren Street. (*Id.*) Defendant was served the injunction on April 11, 2026, while at the PDC. (Doc. 7-1 at 2).

The United States, on behalf of Defendant, properly removed this case to federal court under 28 U.S.C. § 1442(a). (*See* Doc 1). And now the United States seeks to dismiss the petition for lack of subject matter jurisdiction and quash the injunction. (Doc. 7).

**II.     Legal Standard**

The United States is immune from lawsuit unless it has unequivocally waived its immunity. *Balser v. Dept. of J., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). This means that courts lack "subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* Put differently, "[t]he question whether the United States has waived its sovereign immunity" is "a question of subject matter jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). For the purpose of a sovereign immunity analysis, "any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser*, 327 F.3d at 907. Unless the plaintiff "satisfies the burden of

pleadings in ruling on the Motion to Dismiss under [Rule 12(b)(1)]." *Moorgate Ltd. v. F.D.I.C.*, 988 F.2d 120, at *1 (9th Cir. 1993). Because sovereign immunity is at issue here, the Court will consider filings outside of Plaintiff's complaint.

establishing that [her] action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007).

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss claims based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is a "proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

### III.   Discussion

The United States argues that the Tempe Municipal Court lacked and this Court lacks subject matter jurisdiction because the petition alleges misconduct in a federal workplace and the United States has not waived sovereign immunity to allow an injunction against harassment by one federal employee against a supervisory employee in the federal workplace. (Doc. 7 at 4–6). Plaintiff's Response largely describes events that occurred after the injunction against harassment was issued and claims that Defendant has not complied with the injunction. (*See generally* Doc. 11).

"The general rule is that a suit against the United States is defined broadly as any action seeking a judgment that would: 1) expend itself on the public treasury or domain; 2) interfere with the public administration; or 3) restrain the Government from acting or compel it to act." *F.B.I. v. Super. Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007) (internal quotation marks and citation omitted). If an action against a federal employee would have one of these effects, such an action constitutes a suit against the United States and is foreclosed by sovereign immunity. *Id.* Only two exceptions to this rule exist: 1) when an employee's actions exceed the scope of their conferred statutory powers, and 2) the employee was acting unconstitutionally, even if within their scope of authority. *Id.* (citing *Dugan v. Rank*, 372 U.S. 609, 621–22 (1963)).

"Numerous courts have found requests for civil restraining orders against federal employees to be barred by sovereign immunity when the employees are acting in the scope

- 3 -

of their employment and the restraining orders would restrict their activities in the workplace." *Rodriguez v. Chalas*, 2024 WL 150596, at \*2 (N.D. Cal. 2024) (collecting cases); *see*, *e.g.*, *Sherrill v. Van Cleave*, 2022 WL 14644390, at \*4 (D. Ariz. 2022) ("Because the United States has not waived sovereign immunity, the Court will vacate the injunction to the extent it restrains [the defendant] from having contact with [the plaintiff] at their federal workplace and going to the workplace, and dismiss [the plaintiff's] petition in this regard for lack of subject matter jurisdiction."); *Clark v. U.S.*, 2021 WL 3129623, at \*2 (W.D. Wash. 2021) ("The petition does not identify any provision of law by which the United States has waived sovereign immunity for the purpose of permitting its employees, acting in the scope of their employment, to be sued such that a state-court order of protection could be issued against them and restrict their activities at the workplace."); *Kline v. Johns*, 2021 WL 3555734 (N.D. Cal. 2021) ("[T]he TRO interferes with Defendant's ability to perform his job as a federal employee. Accordingly, the state court lacked jurisdiction to impose terms that would impair the performance of Defendant's federal duties."); *Coelho v. Chalas*, 2024 WL 150586 (N.D. Cal. 2024) (finding that, because they restricted defendants' work activities, the civil restraining orders against the defendant federal employees were barred by sovereign immunity). The Court agrees with the foregoing reasoning and finds that it applies equally to the present circumstances.

Here, the primary incident that Plaintiff described in her petition was a disagreement over the whereabouts of Plaintiff's badge. (See Doc. 1-4). And, as the United States points out, postal policy requires employees to plainly display ID badges on their outermost clothing. (Doc. 7-1 at 3). Consequently, Defendant's enforcement of this policy was done "under color of [her] office as a supervisor for the United States Postal Service, an agency of the federal government." *Leak v. Gomez*, 2021 WL 3051873, at \*3 (D. Kan. 2021). There is no question that barring Defendant from the PDC restricts her workplace activities, and Plaintiff has not identified any possible basis for a waiver of sovereign immunity. *See Figueroa v. Baca*, 2018 WL 2041383, at \*3 (C.D. Cal. 2018) ("[T]he terms of the Restraining Order restricting [the defendant's] communications and movement at the

federal workplace interfere with his ability to perform his duties as a federal employee…. The state court lacked jurisdiction to impose such terms due to federal sovereign immunity."). Moreover, it cannot be seen that this suit falls into either exception for suits brought against government employees described above.

Plaintiff argues that Defendant could be transferred to another facility to perform her duties as a Supervisor Distribution Operations. (Doc. 11 at 2). Even assuming *arguendo* that such a transfer could be easily accomplished, this contention does not overcome the fact that, as an employee of the United States Postal Office acting in her official capacity, Defendant is afforded sovereign immunity, and the Municipal Court was without authority to impose an injunction impeding a federal employee from performing her duties. *Figueroa*, 2018 WL 2041383, at *3. Thus, to the extent that the injunction prohibits Defendant from having contact with Plaintiff at their shared federal workplace and going to the PDC, the Court finds that it is barred by sovereign immunity and must be vacated.

That said, the Court recognizes that the injunction implicates more than workplace conduct as it also restrains Defendant from going to or near Plaintiff's residence. (*See* Doc. 1-5). The court, in *Sherrill*, encountered this same issue. While the court determined that visiting the plaintiff's residence would not compromise sovereign immunity as "such conduct would not fall within [the defendant's] scope of employment," the court still vacated the injunction in its entirety upon finding that the petition provided "no basis for an injunction or any other judicial action for conduct outside the workplace." *Sherrill*, 2022 WL 14644390 at *5. In so ruling, the court noted that the plaintiff's "petition is limited to [the defendant's] actions in the federal workplace. It does not allege that [the defendant] ever visited Plaintiff's residence or attempted to contact or harass [the plaintiff] outside the workplace." *Id.* (internal citation omitted). The same is true here.

Plaintiff's petition is almost solely based on the parties' workplace dispute. (*See* Doc. 1-4). Although Plaintiff claims that Defendant has access to her home address, like *Sherrill*, there is no allegation that Defendant has ever been to her residence nor harassed

her outside of work in any manner.  (*See id.*).  The speculative claims in the petition that Defendant is "ex-military" and might "suffer from PTSD" do not constitute a reason for an injunction outside the workplace, when the parties' actual interactions have only been at the PDC.  (*See id.*).  Therefore, the Court will vacate the injunction in its entirety.

In sum, the petition and resulting injunction would interfere with public administration by affecting staffing at the Phoenix PDC and restricting Defendant's activities in the workplace.  For these reasons, Plaintiff's petition constitutes a suit against the United States that is barred by sovereign immunity.

Accordingly,

**IT IS ORDERED** that the United States' Motion to Quash the Injunction by the Tempe Municipal Court and Dismiss the Lawsuit (Doc. 7) is **GRANTED**.  This case is **dismissed** and the injunction against harassment is **vacated**.

**IT IS FURTHERED ORDERED** directing the Clerk to entered judgment accordingly and close this matter.

Dated this 21st day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 6 -